# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DANIEL CLIFFORD GUTHRIE,

                Plaintiff,

v.                                                          Case No. 12-cv-11528
                                                 Honorable Denise Page Hood

GLENMARK PHARMACY, et al.

                Defendant.

_____/

## ORDER OF SUMMARY DISMISSAL

Pending before the Court is Plaintiff Daniel Clifford Guthrie's *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because the complaint fails to state a claim upon which relief may be granted as to any defendant.

I.

Plaintiff is a Michigan prisoner, currently confined at the E.C. Brooks Correctional Facility, Muskegon Heights, Michigan. Plaintiff has been incarcerated since 1990, serving a life sentence for second-degree murder. Plaintiff's complaint appears to arise from events that occurred at various times when he was incarcerated at different correctional facilities in Michigan. Plaintiff alleges that he contracted Hepatitis C from drinking from a cup and using a razor of an infected cell-mate when he was incarcerated at Riverside Correctional

Facility.  He claims that the defendants have given him too much medicine in his lifetime, have been experimenting on him without his consent, and have lied to him.  He asserts that he was made ill by medicines administered to him at the Traverse City Mental Hospital and, while he was at that hospital, he suffered an 80 foot fall, and had brain surgery without his family's knowledge.  Plaintiff names as defendants Glenmark Pharmacy, a company located in Franklin, Tennessee, and the Michigan Department of Corrections (MDOC).  He seeks damages and injunctive relief, including an order requiring the state to hire a medical team to investigate his injuries, surgeries, and medications administered throughout his lifetime.

## II.

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c).   Under the PLRA, the district court is required to dismiss an insufficient complaint without affording the plaintiff leave to amend.  *Bright v. Thompson*, Slip op., No. 5732, 2012 WL 833662, *1 (6th Cir. March 13, 2012).

## A.

Plaintiff claims that the MDOC violated his rights under 42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and

2

(2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  The MDOC is not a "person" who may be sued under § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  Therefore, with respect to the MDOC, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

B.

Plaintiff claims that defendant Glenmark Pharmacy gave him too much medicine for his illnesses and has been experimenting on him without his knowledge or consent, in violation of his federal constitutional rights.

In screening a claim for relief under the PLRA, the Court must construe the complaint in the light most favorable to the plaintiff, accept well-pleaded factual allegations as true, and "determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Taylor v. Lantagne*, 418 Fed. Appx. 408, 410 (6ᵗʰ Cir. 2011). (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6ᵗʰ Cir. 2010) (applying *Iqbal* standard to dismissals under 28 U.S.C. §§ 1915(e) and 1915A).   While a *pro se* plaintiff is held to a less stringent pleading standard than a party with an attorney, a *pro se* plaintiff is still required to state facts that support the legal conclusions in his civil rights complaint.  *Grinter v. Knight*, 532 F.3d 567, 577 (6ᵗʰ Cir. 2008); *see Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, *1 (6ᵗʰ Cir. May 14, 2000) ("the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations').

3

The claims against Glenmark Pharmacy are subject to dismissal because the complaint fails to allege facts that plausibly suggest that the Plaintiff has been experimented on without his consent or that connect Glenmark Pharmacy to the alleged excessive medications or medical experimentation. In order to state a claim sufficient to survive screening, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, n.3 (2007); *see Iqbal*, 556 U.S. at 678 (the court need not accept threadbare recitals of the elements of a cause of action supported by conclusory statements); *Hill*, 630 F.3d at 471. A sufficient claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint fails to state a claim for relief. *Id.* at 679. Plaintiff's claims against Glenmark Pharmacy fail to state a claim upon which relief may be granted because Plaintiff offers no facts in support of his assertion that Glenmark Pharmacy medicated him or experimented upon him without his consent. He offers no facts in support of his assertions that such events occurred and that Glenmark Pharmacy was involved in the misconduct. His broad assertions do not set forth dates, locations, type of medications or procedures, or the identify of any persons who participated in these actions. His complaint asks the Court to accept these conclusions as true, without providing any supporting facts. Without any supporting facts, the complaint fails to provide fair notice that would permit the defendant to respond to the complaint. The claims against Glenmark Pharmacy are therefore subject to dismissal under 28 U.S.C. §§1915 and 1915A.

4

2:12-cv-11528-DPH-DRG   Doc # 5   Filed 04/30/12   Pg 5 of 5   Pg ID 145

*Cf. Hill*, 630 F.3d at 473 (allegations that prison staff will have inmate assaulted and possibly killed subject to summary dismissal where they contain no specificity or detail).

III.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 30, 2012

I hereby certify that a copy of the foregoing document was served upon Daniel Guthrie #213138, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 and counsel of record on April 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager